ADOLPH B. SPRECKELS, PETITIONER, ET AL.,* *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5628, 5629, 5677, 5678. Promulgated December 27, 1949.

---

*Proceedings of the following petitioners are consolidated herewith: Dorothy C. Spreckels; Spreckels-Rosekrans Investment Company; and John N. Rosekrans and Alma Spreckels Rosekrans.

*Walter Slack, Esq.,* for the petitioners.
*W. J. McFarland, Esq.,* and *T. M. Mather, Esq.,* for the respondent.

OPINION.

Tyson, *Judge:* These consolidated proceedings involve income tax deficiencies determined by respondent against each petitioner, respectively, for the years and in the amounts, as follows:

| Petitioner | Docket No. | 1938 | 1939 | 1940 |
|---|---|---|---|---|
| Adolph B. Spreckels | 5628 | $455.91 | $2,843.10 | $65,270.85 |
| Dorothy C. Spreckels | 5629 | 221.25 | | 68,235.70 |
| John N. Rosekrans and Alma Spreckels Rosekrans | 5678 | 2,781.22 | 4,930.18 | 24,832.76 |
| Spreckels-Rosekrans Investment Co | 5677 | | 21.81 | 464.64 |

The proceeding of Spreckels-Rosekrans Investment Co., Docket No. 5677, also involves personal holding company surtax deficiencies of $555.73 for 1939 and $2,554.45 for 1940 and a declared value excess profits tax deficiency of $23.08 for 1940.

Overpayments are claimed as follows:

| Petitioner | 1938 | 1939 | 1940 |
|---|---|---|---|
| Adolph B. Spreckels | $9,128.29 | $19,857.33 | |
| Dorothy C. Spreckels | 32,668.64 | | |
| John N. Rosekrans and Alma Spreckels Rosekrans | | 9,797.93 | $22,255.52 |
| Spreckels-Rosekrans Investment Co | | 670.17 | 662.90 |

The two issues presented for our consideration are whether the respondent erred in determining:

(1) With regard to all four proceedings, that the distributions by the J. D. & A. B. Spreckels Co. to its stockholders in 1938, 1939, and 1940 constituted taxable dividends to the extent of 100 per cent thereof, and

(2) With regard to Docket No. 5678, that petitioner Alma Spreckels Rosekrans was taxable on the entire amount of a distribution of $32,500 received by her in 1938 from Spreckels-Rosekrans Investment Co., a personal holding company, upon her consent to include such amount in her gross income in connection with a claim by the corporation for

the benefit of section 186 of the Revenue Act of 1942, when the amount of the dividend paid credit required to relieve the corporation from personal holding company surtax did not exceed $23,893.26.

At the hearing certain assignments of error were withdrawn as to three of the proceedings [1] and certain other assignments of error were settled by the agreement of the parties in one proceeding.[2] In addition, certain assignments of error in two proceedings involve only a recomputation dependent upon the decision on the first issue.[3] Effect thereto will be given in the recomputations under Rule 50.

The proceedings have been submitted upon the pleadings, exhibits, a separate supplementary stipulation of facts in each proceeding, respectively, and, also, as applicable to all four proceedings, a primary stipulation of facts. The latter relates to the first issue, common to all four proceedings, and sets forth three stipulated issues upon which the common issue is dependent and also contains various schedules and computations showing the results in the event of our decision in favor of petitioners or respondent on all or one or more of those stipulated issues. Such stipulations are included herein by reference as our findings of fact. We shall set forth only such facts as are deemed essential for the purposes of this opinion.

The petitioners herein are individuals, except for the Spreckels-Rosekrans Investment Co., a corporation organized under the laws of Nevada. Each petitioner's principal office is 2 Pine Street, San Francisco, California, and each petitioner's tax returns for the years involved were filed with the collector for the first district of California. As to the petitioners' claiming overpayments, the facts relative to the filing of returns, the payment of income taxes, and the filing of claims for refund are set forth in the margin.[4]

---

[1] In Docket No. 5628, assignments of error 4 (e), relating to a claimed salvage loss, and 4 (i), relating to the taxability of distributions by the Monarch Investment Co. In Docket No. 5629, assignment of error 4 (e), relating to the taxability of distributions by the Monarch Investment Co. In Docket No. 5678, assignments of error 4 (j), relating to the taxability of distributions by the Monarch Investment Co., and 4 (k), relating to a loss in connection with the Standard Hill Mine.

[2] In Docket No. 5628, under assignments of error 4 (f) and 4 (j), it is agreed that petitioner is entitled to deductions of $609 for 1939 and $150 for 1940 for attorney fees paid in those years.

[3] In Docket No. 5677, under assignments of error 4 (c), 4 (f), and 4 (g), decision on the first issue affects the determination of the income of that petitioner, a stockholder of J. D. & A. B. Spreckels Co., and thus the amount of Spreckels-Rosekrans Investment Co.'s personal holding company surtax for the years 1939 and 1940 and declared value excess profits tax for 1940. In Docket No. 5678, under assignments of error 4 (f) and 4 (i), decision on the first issue affects the determination of the income of Spreckels-Rosekrans Investment Co., a stockholder of the J. D. & A. B. Spreckels Co., and thus the extent to which distributions by the former during 1939 and 1940 constituted taxable dividends received by petitioner Alma Spreckels Rosekrans.

[4] Petitioner Adolph B. Spreckels, Docket No. 5628, filed his petition herein on July 26, 1944; filed his 1938 return on March 15, 1939; and on February 19, 1942, filed a claim for refund of $9,128.29 income tax for 1938 paid in installments of $2,300 on March 15, 1939, $2,264.15 on June 15, 1939, $2,282.07 on September 14, 1939, and $2,282.07 on December 14, 1939. He filed his 1939 return on March 15, 1940, and on March 7, 1943, he filed a claim for refund of $34,856.60 income tax for 1939 paid in

*Issue 1* (involved in all four proceedings).—During 1938, 1939, and 1940 the J. D. & A. B. Spreckels Co., a California corporation, hereinafter referred to as the Spreckels Co., had 20,000 shares of capital stock outstanding. The supplementary stipulation filed in each proceeding sets forth in detail for the years 1938, 1939, and 1940, or for the two or more of those years involved in each particular proceeding, the amounts received by the petitioner as distributions on shares of the capital stock of the Spreckels Co. and on account of the petitioner being the direct owner of such shares and/or being the beneficiary of a trust holding such shares on which the distributions received by the trustee (after deducting certain charges and expenses of the trust) were currently distributable to the beneficiaries of the trust. It is stipulated that the basis of each and every share of Spreckels Co. stock to each petitioner herein is in excess of the possible maximum capital distribution per share for the years involved. It is further stipulated that the amounts received by each petitioner as Spreckels Co. distributions which constitute taxable dividends shall be determined by this Court's decision in the proceeding of *Grace H. Kelham*, Docket No. 5333, and the facts and schedules set out in the primary "Stipulation of Facts re: Dividend Issue" filed in these proceedings and identical with such stipulation filed in the *Grace H. Kelham* proceeding.

On the first issue, we hold, pursuant to stipulation of the parties, that in all four proceedings the extent to which the Spreckels Co.'s distributions to petitioners in the taxable years constituted taxable dividends will be determined, under Rule 50, in accordance with this Court's opinion in the case of *Grace H. Kelham*, 13 T. C. 984, and the appropriate stipulated schedules used in the recomputation pursuant to the opinion in that case.

installments of $8,750 on March 15, 1940, $8,678.30 on June 13, 1940, $8,714.15 on September 12, 1940, and $8,714.15 on December 13, 1940.

Petitioner Dorothy C. Spreckels, Docket No. 5629, filed her petition herein on July 26, 1944; filed her 1938 return on March 15, 1939; and, on February 23, 1942, filed a claim for refund of $32,669.84 of a larger amount of income tax for 1938 paid in installments of $8,500 on March 15, 1939, $8,267.85 on June 15, 1939, $8,383.92 on September 14, 1939, and $8,383.92 on December 14, 1939.

Petitioners John N. and Alma Spreckels Rosekrans, Docket No. 5678, filed their petition herein on July 31, 1944; filed their 1939 return on March 14, 1940; and on March 7, 1943, they filed a claim for refund of $13,024.25 income tax for 1939 paid in installments of $3,256.07 on March 14, 1940, $3,256.06 on June 13, 1940, $3,256.06 on September 14, 1940, and $3,256.06 on December 16, 1940. They filed their 1940 return on March 15, 1941, and an amended return for that year on April 15, 1942; on the latter date, they paid income tax of $22,775.83 for 1940, plus interest; and, on February 16, 1944, they filed a claim for refund of $22,775.83 income tax paid for 1940, plus interest.

Petitioner Spreckels-Rosekrans Investment Co., Docket No. 5677, filed its petition herein on July 31, 1944; filed its 1939 return on March 14, 1940, and on March 7, 1943, filed a claim for refund of $962.99 income tax for 1939 paid in installments of $240.75 on March 14, 1940, $240.75 on June 13, 1940, $240.75 on September 14, 1940, and $240.74 on December 16, 1940. It filed its 1940 return on March 15, 1941, and an amended return for that year on April 15, 1942, and on February 16, 1944, filed a claim for refund of $662.90 income tax paid for 1940.

*Issue 2* (involved only in Docket No. 5678).—During the years 1938, 1939, and 1940 the Spreckels-Rosekrans Investment Co., hereinafter referred to as the Investment Co., owned 1,125 shares of the capital stock of the Spreckels Co. and received distributions from the latter in the amounts of $47,812.50 during 1938, $61,875 during 1939, and $76,500 during 1940.

During the years 1938, 1939, and 1940 petitioner Alma Spreckels Rosekrans owned all the outstanding capital stock of the Investment Co. and as its sole stockholder received distributions in the amounts of $32,500 during 1938, $37,950 during 1939, and $44,400 during 1940. During the year 1938 the Investment Co. was a personal holding company. On January 1, 1938, 1939, and 1940, the Investment Co. had no earnings or profits accumulated since March 1, 1913. For the year 1938 the Investment Co., by reason of capital losses sustained, had no earnings or profits, and its distribution of $32,500 in that year was made from paid-in surplus. As to the years 1939 and 1940, if all distributions received by Investment Co. from Spreckels Co. constituted distributions from Spreckels Co.'s earnings and profits available for dividends, then Investment Co.'s adjusted net income amounted to $39,789.77 for 1939 and $48,913.59 for 1940, which amounts are in excess of Investment Co.'s distributions to Alma Spreckels Rosekrans for each of those years, respectively. However, the extent to which Spreckels Co.'s distributions for 1939 and 1940 constituted taxable dividends will be redetermined under the first issue herein and the effect thereof on the income of Investment Co. and its distributions to Alma Spreckels Rosekrans will be given in the recomputation under Rule 50.

For the year 1938 the Investment Co.'s above mentioned capital losses were in excess of the allowable deduction therefor and that company was subject to and paid income tax and personal holding company surtax for 1938. Respondent, by treating all distributions received by Investment Co. from Spreckels Co. as distributions from the latter's earnings or profits available for dividends, determined that Investment Co. had Title 1A net income of $24,893.26 for 1938 and that it was entitled to a deduction therefrom of $1,000 paid on indebtedness, leaving a base of $23,893.26 for calculating its personal holding company surtax for 1938. In 1943 the Investment Co. filed a claim for relief as to the 1938 personal holding company surtax under the benefit of the applicable retroactive provisions of section 186 of the Revenue Act of 1942. In connection with the filing of such claim and as a condition to the allowance thereof the respondent, over petitioner's protest, required that Alma Spreckels Rosekrans consent to the inclusion in her 1938 income, as a taxable dividend, of the full amount of Investment Co.'s distribution of $32,500 to her in that year, although

a distribution in the lesser amount of $23,893.26 would have been sufficient to have relieved the Investment Co. from liability for personal holding company surtax for 1938.

The second issue is whether the respondent erred in including in the gross income of petitioner Alma Spreckels Rosekrans, as a taxable dividend, the entire $32,500 distributed to her by the Investment Co.

Petitioner contends that the amount to be included (under her executed consent) should not be the full $32,500, but only the amount of $23,893.26 which would have been sufficient (as a dividends paid credit) to have relieved the Investment Co. from liability for personal holding company surtax for 1938.

We think that the entire amount of the $32,500 distribution, as determined by respondent, is includible in Alma Spreckels Rosekrans' gross income as a taxable dividend for 1938.

Under section 115 (a) of the Revenue Act of 1938,[5] prior to its amendment by section 186 (a) (2) of the Revenue Act of 1942,[6] the distribution of $32,500, having been made from paid-in surplus, was not a taxable dividend—that is to say, such distribution was not "(1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year." However, the amendment of section 115 (a), *supra*, by section 186 (a) (2), *supra*, added to the definition of dividends in section 115 (a) a new sentence, embracing distributions without regard to earnings, that sentence being in material part: "Such term [dividend] *also* means *any distribution* to its shareholders * * * made by a corporation which, under the law applicable to the taxable year in which the distribution is made, is a personal holding company." (Emphasis supplied.)

Section 186 (a) (2), *supra*, was made retroactive by section 186 (f); but section 186 (a) (2), *supra*, would not apply unless the provisions

---

[5] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(a) DEFINITION OF DIVIDEND.—The term "dividend" when used in this title (except in section 203 (a) (3) and section 207 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913, or (2) out of the earnings or profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made.

[6] SEC. 186. DISTRIBUTIONS BY PERSONAL HOLDING COMPANIES.

(a) DEFINITION OF DIVIDEND.—

\* \* \* \* \* \* \*

(2) AMENDMENT TO REVENUE ACT OF 1938.—Section 115 (a) of the Revenue Act of 1938 (relating to definition of dividend) is amended by inserting at the end thereof the following new sentence: "Such term also means any distribution to its shareholders, whether in money or in other property, made by a corporation which, under the law applicable to the taxable year in which the distribution is made, is a personal holding company, or which, for the taxable year in respect of which the distribution is made under section 405 (c) or section 407 is a personal holding company under the law applicable to such taxable year."

of section 186 (g) of the Revenue Act of 1942 [7] were complied with, namely, and in so far as material here, (1) by the filing of the corporation's claim for relief on account of its 1938 distribution, and (2) the filing of a consent by the shareholder "agreeing to the inclusion of the amount of such distribution to him in his gross income as a taxable dividend."

In the instant case compliance was made with the provisions of section 186 (g), *supra*, and thereby section 115 (a) of the 1938 Act as amended by section 186 (a) (2) of the 1942 Act, *supra*, became operative, so that the entire $32,500 distribution to Alma Spreckels Rosekrans in 1938 became embraced in the definition of a dividend and, accordingly, taxable as such to her.

On this second issue, the respondent's determination is sustained.

*Decision in each proceeding will be entered under Rule 50.*

---

[7] (g) RETROACTIVE APPLICATION.—The amendments made by subsections (a) to (d), inclusive, shall not apply with respect to any distribution, which is a dividend solely by reason of the last sentence of section 115 (a) of the applicable revenue law, made prior to the date of enactment of this Act by a corporation which, under the law applicable to the taxable year in which the distribution is made, is a personal holding company, or which, for the taxable year in respect of which it is made under section 504 (c) or section 506 or a corresponding provision of a prior income tax law, is a personal holding company under the law applicable to such taxable year, unless—

(1) The corporation (under regulations prescribed by the Commissioner with the approval of the Secretary) files, within one year after the date of the enactment of this Act, a claim for the benefit of this section on account of such distribution;

(2) Such claim is accompanied by signed consents made under oath by each person to whom such distribution made such distribution agreeing to the inclusion of the amount of such distribution to him in his gross income as a taxable dividend. If any such person is no longer in existence or is under disability then the consent may be made by his legal representative; and